*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0050p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

JOHN HIGGINS, et al.

                         *Plaintiffs-Appellants,*

      *v.*

INTERNATIONAL UNION, SECURITY, POLICE, FIRE
PROFESSIONALS OF AMERICA (SPFPA),
INTERNATIONAL EXECUTIVE BOARD OF THE SPFPA,
and DAIMLERCHRYSLER CORPORATION,

                    *Defendants-Appellees.*

No. 03-2203

———————————

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 02-70131—Patrick J. Duggan, District Judge.

Argued: December 9, 2004

Decided and Filed: February 4, 2005

Before: KENNEDY, MARTIN, and MOORE, Circuit Judges.

———————————

## COUNSEL

**ARGUED:** Ann Curry Thompson, KELMAN, LORIA, DOWNING, SCHNEIDER & SIMPSON, Detroit, Michigan, for Appellants. Scott A. Brooks, GREGORY, MOORE, JEAKLE & HEINEN, Detroit, Michigan, Richard M. Tuyn, CATTEL, TUYN & RUDZEWICZ, Bloomfield Hills, Michigan, for Appellees. **ON BRIEF:** Alan B. Posner, KELMAN, LORIA, DOWNING, SCHNEIDER & SIMPSON, Detroit, Michigan, for Appellants. Scott A. Brooks, GREGORY, MOORE, JEAKLE & HEINEN, Detroit, Michigan, Richard M. Tuyn, Lisa S. Lane, CATTEL, TUYN & RUDZEWICZ, Bloomfield Hills, Michigan, for Appellees.

———————————

## OPINION

———————————

     BOYCE F. MARTIN, JR., Circuit Judge. A group of fire and security employees appeals the district court's summary judgment in favor of their union and employer in this hybrid action under Section 301 of the Labor Management Relations Act. On appeal, the employees claim that the district court erred in holding that the lawsuit was barred by the statute of limitations and in finding that they failed to establish a breach of contract by their employer or a breach of duty of fair representation by their union. For the following reasons, we AFFIRM the judgment of the district court.

1

I.

The plaintiffs in this case, led by John Higgins, are former and current fire and security employees of the DaimlerChrysler Corporation. The employees were covered by a collective bargaining agreement between the International Union, Security, Police, Fire, Professionals of America and DaimlerChrysler effective from August 31, 1998 to August 31, 2003. The claims at issue here arise out of DaimlerChrysler and the Union amending the terms of a part of that collective bargaining agreement known as Letter 53, which provided for the use of supplemental security personnel by DaimlerChrysler. As originally drafted, Letter 53 permitted DaimlerChrysler to use supplemental employees on an as-needed basis, generally limited, however, to eight hours per day, twenty-four hours per week, and provided that such supplemental employees would be paid only $8.50 per hour.

In anticipation of layoffs at DaimlerChrysler, DaimlerChrysler and the Union entered into a Letter of Understanding on March 22, 2001, which modified the terms of Letter 53. The Letter of Understanding altered Letter 53 in several respects, in part by giving DaimlerChrysler the permission to hire full-time supplemental employees and increasing the maximum hourly rate for supplemental employees to $10.50. The Letter of Understanding also limited the proportion of supplemental employees to 15% of the permanent workforce.

On May 25, lead plaintiff John Higgins sent a protest-charge letter on behalf of "Concerned DaimlerChrysler Members" to Dennis Eck, the International Secretary-Treasurer for the Union. The letter demanded that the March Letter of Understanding be submitted to the Union membership for a ratification vote because it involved economic changes. According to the letter, the Purpose and Intent Living Agreement entered into between the parties in August 1998 impliedly required membership ratification of all economic changes to the collective bargaining agreement. Based on the Union's conduct involving the March Letter of Understanding, the May 25 letter also "charge[d]" several Union officials with "violating the constitution, Article XIX Contracts and Negotiations, Purpose and Intent of the Living Agreement between DaimlerChrysler Corporation and the [Union]."

The International President of the Union, David Hickey, responded with a letter dated May 29, which directed that the March Letter of Understanding be submitted to the membership for ratification because it contained changes that could be considered economic within the meaning of the Living Agreement. Hickey ordered the ratification vote even though he apparently believed that ratification may not have been required. As the district court found, economic changes to the collective bargaining agreement generally favorable to Union employees were made in the past without membership ratification. On June 20, Eck sent a letter to Higgins to notify him that his "charge" against the Union officers did not appear to comply with Article XX of the Union's constitution, and to ask if he wished to withdraw his protest and charge in light of Hickey's order of the ratification vote.

On June 27, Higgins replied to Eck's letter by telling him that the employees would get back to him. The ratification vote was held and the effort to ratify the Letter of Understanding failed. Consequently, the Union notified DaimlerChrysler on July 18 that the terms of the March Letter of Understanding were no longer in effect. DaimlerChrysler, however, apparently thought that the agreement remained effective despite the vote. On July 23, Higgins sent a letter to Eck requesting that despite the failed ratification vote he wished to "proceed with the protest/charges filed on May 25, 2001." Eck responded in a letter dated August 3 declaring that the protest was "moot" because the March Letter of Understanding was submitted for a ratification vote and the Union did not have jurisdiction to hear the charge because Higgins failed to comply with certain procedural requirements. Higgins took no further action regarding this charge.

Several months later, on October 2, the Union and DaimlerChrysler reached another agreement in an effort to resolve the controversy regarding the March Letter of Understanding. The October agreement, which remains effective, is substantially similar to the March Letter of Understanding, but was never submitted to a ratification vote by the Union membership.

## II.

The employees filed the instant lawsuit under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, on January 11, 2002, claiming a breach of the 1998 collective bargaining agreement between DaimlerChrysler and the Union and a breach of the Union's duty of fair representation. According to the complaint, the Union and DaimlerChrysler negotiated and implemented the March Letter of Understanding without submitting the modification to the Union membership for ratification.

At the close of discovery, all parties moved for summary judgment and the employees filed a motion for class certification. After a hearing on the motions was held on May 15, 2003, the district court issued a written opinion granting DaimlerChrysler's and the Union's motions for summary judgment and denying the employees' motion for class certification. According to the court, the employees' Section 301 claims for breach of the collective bargaining agreement and breach of the Union's duty of fair representation were barred by the six-month statute of limitations. Furthermore, the court found that the breach of the collective bargaining agreement claim against DaimlerChrysler also failed because there was no specific language in the agreement requiring the parties to submit economic issues to ratification. Similarly, the court found that even if economic changes were impliedly required to be ratified by Union membership, the adoption of the Letter of Understanding did not adversely affect the Union employees and therefore ratification was not required given the parties' past practice of submitting to ratification only those economic changes adverse to Union membership. The court also found that the employees failed to allege a violation of the Union's duty of fair representation because the collective bargaining agreement did not require any ratification by Union members. Finally, the court found insufficient evidence that the employees had shown that they had suffered damages as a result of the March Letter of Understanding.

On appeal, the employees claim that the district court erred in holding that their claims are barred by the statute of limitations. They also argue that their claims establish a breach of contract and a breach of the duty of fair representation. The employees do not, however, appeal the district court's denial of their motion for class certification.

## III.

This Court reviews a district court's grant of summary judgment de novo. *Bell v. Marinko*, 367 F.3d 588, 591 (6th Cir. 2004). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view all evidence before us in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The employees' claims here—that DaimlerChrysler breached the collective bargaining agreement and the Union breached its duty of fair representation—form a hybrid cause of action under Section 301 of the Labor Management Relations Act. Unless the employees "demonstrate[] *both* violations, [they] cannot succeed against either party.'" *Bagsby v. Lewis Bros., Inc. of Tenn.*, 820 F.2d 799, 801 (6th Cir. 1987).

We begin, and end, our analysis with whether the employees present a genuine issue of material fact regarding their claim of breach of the collective bargaining agreement. On appeal, the employees' primary claim is that DaimlerChrysler violated the terms of the collective bargaining agreement by agreeing to the Letter of Understanding without Union member ratification. In support of their claim, they point to the Purpose and Intent Living Agreement of the collective bargaining agreement for the proposition that economic changes must be submitted to the membership for a ratification vote. The Agreement provides in relevant part:

> As further evidence of the trust that has developed between the parties, with the exception of the economic provisions which will expire as indicated, this Agreement is intended as a "living document" permitting the parties to continually improve on their working relationship and moving that relationship outside the traditional collective bargaining process. Accordingly, the non-economic provisions of this Agreement shall not expire at the termination provided in Section (93).

> Therefore, the parties agree that non-economic problems and concerns may be brought forth by either party any time for discussion at the Corporate and International UPGWA level. Efforts of the parties to resolve these problems or concerns may require change or waiver of certain provisions. It is understood that any such waiver, modifications or changes shall be agreed to in writing by the Corporation and the International Union, but shall not require further ratification.

The employees' claim, as we understand it, is that the March Letter of Understanding signed between the Union and DaimlerChrysler without Union membership approval gave DaimlerChrysler permission to hire permanent full-time supplemental employees at higher wages than previously provided to part-time supplemental employees. This, according to the employees, significantly reduced the amount of available overtime for Union members by giving DaimlerChrysler the opportunity "to restructure its work schedules so that the amount of available overtime was either greatly reduced or eliminated." Accordingly, the employees argue that the Letter of Understanding constituted an economic change with adverse economic consequences for the employees and thus required Union membership ratification.

Even if we were to hold that the Purpose and Intent Living Agreement impliedly requires economic changes adverse to Union membership to be subjected to a membership vote, our extensive review of the record in this case produced no substantive evidence that the employees were adversely impacted by the signing of the Letter of Understanding. Thus, in our view, membership ratification of the Letter of Understanding was not required under the collective bargaining agreement given the parties' prior practice of modifying the collective bargaining agreement without membership ratification where there is no adverse impact. It appears that any alleged lost overtime was a result of a number of factors, particularly the hiring of supplemental employees, rather than any provision of the Letter of Understanding. While the Letter of Understanding did give DaimlerChrysler more latitude in hiring supplemental employees, the corporation was generally allowed to use supplemental employees well before the Letter of Understanding was signed. In fact, the Letter of Understanding actually limited how many supplemental employees DaimlerChrysler could hire. Moreover, as the district court pointed out, the Letter of Understanding explicitly provides that any overtime must first be offered to permanent employees before being offered to supplemental employees. Thus, we agree with the district court that the employees are unable to show a genuine issue that any alleged overtime losses are attributable to the signing of the Letter of Understanding.

Similarly, the employees' claim of "intangible" damage caused by "the establishment of a two-tier wage system" under the Letter of Understanding is simply too speculative in light of the evidence in the record to establish injury sufficient to require a membership vote. We note,

furthermore, that a "two-tier wage system" was seemingly already in place before the Letter of Understanding was enacted, as supplemental employees were receiving lower wages than other permanent employees. Consequently, we hold that the employees are unable to present a genuine issue of material fact that DaimlerChrysler breached the collective bargaining agreement by entering into the Letter of Understanding without membership ratification, and we therefore hold that their action for breach of contract under Section 301 of the Labor Management Relations Act fails.

IV.

Because the employees are unable to establish a genuine issue of material fact regarding their breach of contract claim against DaimlerChrysler, their remaining claim for breach of duty of fair representation under Section 301 must also fail. *See, e.g., Bagsby*, 820 F.2d at 803 (holding that Section 301 hybrid claim failed given meritless breach of collective bargaining agreement claim). Thus, for the foregoing reasons, we AFFIRM the district court's grant of summary judgment.